UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

DEREK E. TALLER,

                Defendant.

25-CV-03537 (JHR) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff Securities and Exchange Commission's ("SEC") motion to serve Defendant Derek R. Taller by alternative means pursuant to Fed. R. Civ. P. 4(f)(3). (*See* ECF 3.) For the reasons set out below, the motion is GRANTED IN PART, in that Plaintiff is permitted to serve Defendant through his matrimonial counsel and by email at the three email addresses specified below, and the motion is DENIED IN PART, in that Plaintiff is not permitted to serve Defendant through his mother and two adult daughters.

## BACKGROUND

Plaintiff filed a complaint initiating this action on April 29, 2025. (*See* ECF 1, Compl.) Plaintiff, which has been unsuccessful in its attempts to locate Defendant, filed a Motion to Serve Defendant Derek R. Taller by Alternative Means on June 12, 2025. (*See* ECF 3, Mot.)

Defendant left the United States on August 30, 2023, when he flew from Fort Lauderdale to London, United Kingdom (the "UK"), and has not returned. (*See* ECF 4, Pl. Mem. of Law at 2.) In January 2024, Defendant submitted an affirmation in another action[1] stating

---

[1] *Vision Biobank Holdings, LLC v. Saxe, et al.*, No. 650288/2024 (Supreme Court, New York County).

that he was residing in Dubai, United Arab Emirates (the "UAE"). (*See id.* at 1.) At the request of the SEC, the Department of Justice's Office of Foreign Litigation ("OFL") retained UAE counsel to attempt to locate Defendant; counsel determined that he had flown to Romania on March 13, 2024 and had not returned to the UAE as of May 2025. (*See id.* at 2-3.) Defendant's LinkedIn page lists his employment from July 2024 to the present as the managing partner of QB Family Office in London, UK. (*See id.* at 3.)² At the request of the SEC, OFL retained UK counsel to attempt to locate Defendant, but reported finding "no trace" of Defendant or QB Family Office in the UK. (*See id.* at 3.) UK counsel also hired a skip tracing company, ERI Recoveries Ltd., which was unsuccessful in locating Defendant. (*See id.*)

On May 2, May 19 and June 4, 2025, Plaintiff's counsel emailed Defendant at four email addresses (drtaller@gmail.com; drtaller@proton.me; dtaller@sthealthcapital.com; and dtaller@liberteglobalinv.com) with a copy of the complaint in this action and asked Defendant to provide an address at which he could be served. (*See id.*) Defendant did not respond to any of the emails. (*See id.*) The SEC received a non-delivery bounce back message from dtaller@sthealthcapital.com. (*See id.*) No bounce back messages were received from drtaller@gmail.com; drtaller@proton.me; or dtaller@liberteglobalinv.com. (*See id.* 3-4.)

Defendant is involved in an ongoing matrimonial proceeding, *Taller v. Taller*, No. 800834/2024 (Supreme Court, Nassau County), where he is represented by attorney Peter Nissman. (*See id.* at 9; ECF 5, Declaration of Todd D. Brody ("Brody Decl.") ¶ 14.) Counsel for Plaintiff emailed Nissman requesting Defendant's current contact information and to know

---

² Derek T., *Derek T.'s LinkedIn Profile*, LinkedIn, https://www.linkedin.com/in/derek-t-9467114/ (last visited June 26, 2025).

whether Defendant would consent to service on counsel. (*See id*. ¶¶ 14-15.) Nissman responded by email confirming that he represents Taller in the matrimonial proceeding but stating that he was "not authorized to accept service of process or to provide any other information." (*Id.* ¶ 16.)

Defendant's mother and two adult daughters reside in the United States, but Plaintiff has been unable to determine the extent to which Defendant is in contact with them. (*See* ECF 4, Mem. of Law at 12.)

Plaintiff now moves for alternative service, seeking to serve Defendant by email, on his United States-based attorney for his matrimonial proceeding, and on his mother and two adult daughters. (*See id.* at 1.)

## LEGAL STANDARDS

"Service on a defendant in a foreign country is governed by Rule 4(f)." *SEC v. Shehyn*, No. 04-CV-2003 (LAP), 2008 WL 6150322, at *2 (S.D.N.Y. Nov. 26, 2008); Fed. R. Civ. P. 4(f). "There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court's assistance in ordering alternative service, and the decision of whether to allow that service is committed to the sound discretion of the district court."[3] *Gang Chen v. China Green Agric., Inc.*, No. 20-CV-9232 (MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021). Thus, Rule 4(f) "does not require a party to exhaust efforts to serve pursuant to Rules 4(f)(1) or 4(f)(2) before seeing an order under Rule 4(f)(3)." *Id.* Indeed, Plaintiff correctly argues that Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts

---

[3] Unless indicated otherwise, this order omits internal quotation marks, alterations, and citations from quoted text.

in dealing with questions of alternative methods of service of process in foreign countries." *Smith v. Islamic Emirate of Afg.*, 01-CV-10132 (HB), 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001).

"Under Rule 4(f)(3), the first inquiry is whether the requested service is prohibited by international agreement, such as the Hague Convention." *United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023); Fed. R. Civ. P. 4(f)(3). "The Hague Convention does not apply where the address of the person to be served with the document is not known." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022) (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). This Court has found "an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access*, 2018 WL 4757939, at *4; *In re New Oriental Ed. & Tech. Group Inc. Sec. Litig.*, No. 22-CV-1014 (JHR), 2023 WL 5466333, at *1 (S.D.N.Y. Aug. 24, 2023).

The second inquiry is whether service "would comport with constitutional due process." *Mrvic*, 652 F. Supp. 3d at 412. The Court "need only select one reliable mechanism" of alternative service, *In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 437 (S.D.N.Y. 2009), but there does not appear to be a prohibition on selecting more than one method.

## ANALYSIS

**I.      Service on Defendant by Alternative Means Under Rule 4(f)(3) Is Appropriate**

In *Kelly Toys Holdings*, this Court found that the plaintiff had made diligent efforts to obtain the defendant's address, which included the hiring of a private detective to visit possible

addresses for the defendant in China and the United States, and therefore permitted alternative service. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-0558 (PAE), 2022 WL 3701216, at *3 (S.D.N.Y. Aug. 26, 2022). Likewise, in *SEC v. Shehyn*, this Court found that service by alternative means was warranted when the plaintiff had unsuccessfully made good faith efforts to serve the defendant, whose address was unknown, in the United States and Spain. *See Shehyn*, 2008 WL 6150322, at *4. These efforts included contacting the defendant's last known Spanish counsel and taking the deposition of the defendant's mother and sisters. *See id.* at *2.

Plaintiff correctly argues that the reasonable diligence standard is met when the plaintiff unsuccessfully attempts multiple methods of contact. *See Kumar v. Alhunaif*, No. 23-CV-321 (DEH), 2023 WL 8527671, at *3 (S.D.N.Y. Dec. 8, 2023) (holding that a plaintiff had exercised reasonable diligence by attempting a variety of ways to find an address for service); *Prediction Co. LLC v. Rajgarhia*, No. 09-CV-7459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (holding that the plaintiff met the reasonable diligence burden by "actively, though unsuccessfully, attempt[ing] to obtain [the defendant's] address in a variety of ways"); *Kelly Toys Holdings*, 2022 WL 3701216, at *7 (holding that "extensive and multi-dimensional efforts" met the reasonable diligence standard).

Here, Plaintiff exercised reasonable diligence by (1) retaining counsel in two countries, the UK and the UAE, to investigate Defendant's location, (2) emailing Defendant at four different email addresses, (3) reaching out to Defendant's family members, and (4) contacting Defendant's matrimonial counsel. (*See* ECF 4, Pl. Mem. of Law at 2-4.) Despite these efforts, Plaintiff has been unable to locate Defendant. (*See id.* at 5.)

5

Although Plaintiff did not engage counsel in Romania or the European Union, a plaintiff is not required to exhaust all avenues before seeking alternative means of service. *See KPN B.V. v. Corcyra D.O.O.*, No. 08-CV-1549 (JGK), 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief."); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-CV-9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

I conclude that Plaintiff's efforts to find Defendant's address meet the reasonable diligence standard, that Plaintiff's address is unknown, and therefore that the Hague Convention does not apply. *See Shen*, 2018 WL 4757939, at *4. Service by an alternative method is therefore permissible.

## II. Alternative Methods of Service

When the Hague Convention does not apply, the Court must consider whether proposed methods of service comport with due process. *See Kumar*, 2023 WL 8527671, at *3. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Here, Plaintiff proposes three methods of alternative service for Defendant: (1) service on Defendant's matrimonial counsel, (2) service by email, and (3) service on Defendant's immediate family members. "What constitutes appropriate service will vary depending upon the particular circumstances of the case." *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988

(GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007). I therefore analyze whether each proposed method of service satisfies due process requirements.

    A.    <u>Service on Defendant's U.S.-Based Matrimonial Counsel</u>

Service on Nissman comports with due process. Where there is "evidence of adequate communication" between counsel and a party, the requirements of due process are met. *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013). Given the nature of an ongoing matrimonial proceeding, it is likely that Defendant would receive notice of this action through service on Nissman. As Plaintiff notes, Nissman confirmed that he was in contact with Defendant. (*See* ECF 5, Brody Decl. ¶ 16.)

That Nissman is not authorized to accept service on behalf of Taller is not determinative. *See Khan Funds Mgmt. America, Inc. v. Nations Tech. Inc.*, No. 22-CV-5055 (ER), 2024 WL 3013759, at *6 (S.D.N.Y. June 13, 2024) (holding that, where U.S.-based counsel was reasonably calculated to apprise the defendant about the litigation, "counsel's representation that they are not authorized to accept service on Defendant's behalf is not determinative as to whether the Court may permit alternate service on that counsel through Rule 4(f)(3)").

    B.    <u>Service by Email</u>

"Courts in this District have routinely allowed service by email." *Kumar*, 2023 WL 8527671, at *4. Plaintiff seeks to serve Defendant at four email addresses. Plaintiff must show that this means of service is likely to reach Defendant and is "reasonably calculated" to "apprise interested parties of the pendency of the action." *Philip Morris USA*, 2007 WL 725412, at *2-3 (holding that, where the plaintiff had demonstrated a high likelihood that the defendants received and responded to email communications, due process requirements were met).

Plaintiff provided information "indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015). While Defendant failed to respond to any of the emails sent by Plaintiff, Plaintiff did not receive a non-delivery bounce back message from three of the four email addresses; Plaintiff received a non-delivery bounce back message at one of the email addresses only – dtaller@sthealthcapital.com. (*See* ECF 4, Pl. Mem. of Law at 3, 11). Accordingly, I conclude that Defendant is likely to receive the summons and complaint at the three email addresses for which Plaintiff did not receive a non-delivery bounce back message, and therefore that service at those three email addresses would comport with due process. *See Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 594 (S.D.N.Y. 2021) (holding that where no bounce back message is received, service by email is likely to reach a defendant and comports with due process).

C.     Service on Defendant's Mother and Two Adult Daughters

Given that Plaintiff has been unable to establish the extent to which Defendant is in contact with his mother and two adult daughters (*see* ECF 4, Mem. of Law at 12), service upon those family members is not "reasonably calculated" to satisfy due process. The cases that Plaintiff cites in support of service on Defendant's family are distinguishable. For example, in *SEC v. Premier Links*, unlike here, the defendant's family members and friends were likely to be in contact with the defendant. *See SEC v. Premier Links, Inc.*, No. 14-CV-7375 (CBA), 2015 WL 13713753, at *2 (E.D.N.Y. Apr. 28, 2015). In *SEC v. Nnebe*, service on the defendant's brother and sister was appropriate because the defendant had listed his sister's address in an unrelated

bankruptcy proceeding and had testified under oath to the SEC that he resided at his brother's address. *See SEC v. Nnebe*, No. 01-CV-5247 (KMW) (KNF), 2003 WL 402377, at *1-2 (S.D.N.Y. Feb. 21, 2003). Plaintiff has been unable to establish similar facts in this case.

Under the circumstances, I cannot conclude that service on Defendant's mother and two adult daughters satisfies due process. *Mullane*, 339 U.S. 314 (1950) (explaining that "notice reasonably calculated, under all the circumstances," is required for due process).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service is GRANTED IN PART, in that Plaintiff is permitted to serve Defendant through Nissman and at the three email addresses that did not send non-delivery bounce back messages. Within 14 days of this order, Plaintiff shall effect service on Defendant through Nissman and by emailing the three email addresses. Plaintiff shall file proof of the service on the docket by July 21, 2025. The Clerk of Court is respectfully requested to terminate ECF 3.

DATED: July 7, 2025
      New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge