**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No.1:25-cv-03537-JHR-RFT |
| - vs. – | |
| | **ANSWER AND AFFIRMATIVE** |
| DEREK R. TALLER, | **DEFENSES OF DEREK R. TALLER** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

Defendant Derek R. Taller ("Defendant" or "Dr. Taller"), by and through his undersigned attorneys, hereby answers the Complaint of the United States Securities and Exchange Commission ("SEC" or "Commission") as follows:

**SUMMARY**

1.   Denied.

2.   Denied.

3.   Denied that Dr. Taller mislead, engaged in any self-dealing or breached any fiduciary duty to, Vision Holdings and StHealth Capital as alleged in this paragraph.

4.   Denied that Dr. Taller misappropriated any funds from StHealth Capital and/or Vision Holdings as alleged in this paragraph.

5.   Denied that Dr. Taller engaged in any fraudulent conduct or self-dealing relating to StHealth Capital and/or Vision Holdings as alleged in this paragraph.

6.   Denied.

**VIOLATIONS**

7.   This paragraph contains only legal arguments and conclusions for which no response is required.

8.   This paragraph contains only legal arguments and conclusions regarding equitable relief sought by the Commission.  To the extent this pargarph is deemed to contain allegations of fact, such allegations are denied.

**NATURE OF THE PROCEEDING AND RELIEF SOUGHT**

9.   Admitted only that the Commission has brought this action pursuant to the statutory authority cited in this paragraph; denied that the Commission is entitled to any of the relief sought against Dr. Taller thereunder.

10.  Admitted that the Commission seeks the relief specified in this paragraph;  denied that the Commission is entitled to any of the requested relief against Dr. Taller; any factual allegations contained in this paragraph are denied.

**JURISDICTION AND VENUE**

11.  This paragraph contains only legal arguments and conclusions for which no response is required.

12.  This paragraph contains only legal arguments an conclusions for which no response is required.

13.  This paragraph contains only legal arguments and

conclusions for which no response is required.

14. Denied that Dr. Taller engaged in any fraudulent conduct; admitted that Dr. Taller held the CEO position at StHealth Capital for a period of time, and held the CEO position at Vision Holdings for a period of time.

## OTHER RELEVANT ENTITIES

15. Admitted only that Dr. Taller served as CEO of StHealth Capital from March13, 2018, until May 28, 2022. The remaining factual allegations of this paragraph are denied. Any revocation of StHealth Capital's registration by the Commission resulted from mismanagement by the illegally installed, illegitimate Board which assumed control of the StHealth Capital.

16. Admitted that StHealth Advisors is a Delaware limited liability company. The remaining factual allegations of this paragraph are denied. Any advisory services provided to StHealth Capital by StHealth Advisors effectively terminated coincident with the illegally installed, illegitimate Board which took control of StHealth Capital. At that time Dr. Taller was owed in excess of $200,000 in management fees which he has never received.

17. Admitted that Vision Holdings was incorporated in Puerto Rico in 2019 for the purposes alleged in this paragraph, however that company never received regulatory

permission to organize as a bank in Puerto Rico; admitted that Dr. Taller served as CEO only until February 2023.

18.   Admitted that Visions Advisors is a Cayman Islands corporation and had an advisory agreement with Vision Holdings.  Denied that Dr. Taller was the sole advisor, owner and officer of Visions Advisors. During the period alleged in this paragraph, an additional $1 million of fees and expenses reimbursement was owed to Dr. Taller by Vision Advisors, documented by Board resolution, but has never been paid.

19.   Admitted that Consorcia Management LLC is a Delaware limited liability company; the remaining allegations of this paragraph are legal arguments and conclusions which do not require any response.  To the extent a response is required, the remaining allegations of this paragraph are denied.

20.   Admitted that VBB Management Advisory LLC is a Delaware limited liability company; the remaining allegations of this paragraph are legal arguments and conclusions which do not require any response.  To the extent a response is required, the remaining allegations of this paragraph are denied.

21.   Admitted.

22.   Dr. Taller is without knowledge or information relating to "Company A" sufficient to form an opinion as to

the truth of the allegations of this paragraph, and therefore denies same

23.   Defendant is without knowledge or information relating to "Company B" sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

24.   Defendant is without knowledge or information relating to "Company C" sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

## FACTS

**I.    TALLER DIRECTED VISION HOLDINGS TO DISSEMINATE OFFERING DOCUMENTS TO INVESTORS CONTAINING MATERIAL MISREPRESENTATIONS**

25.   Denied; any dissemination of offering documents was pursuant to authorization and approval of the Board and in-house counsel.

26.   Denied; Vision Holdings was primarily managed by Joe Taussig, and the illegally installed, illegitimate Board after July 2021, which had ultimate authority over all statement contained in any offering documents.  The Board, outside Board members, Visions Holdings in-house counsel in coordination with broker-dealer agent and ouside counsel Dentons and later DLA Piper (Puerto Rico) approved and prepared the original private placement memorandum.

27.  Admitted.

**A. Material Misrepresentations Concerning Vision Holdings Board of Directors**

28.  Admitted.

29.  Admitted.

30.  Admitted.

31.  Admitted.

32.  Admitted.

33.  Admitted.

34.  Admitted.

35.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Joe Taussig and his counsel, Hugh Hill, were hired to a manage, oversee and supervise all Board processes.

36.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.  .

37.  Admitted.

38.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

39.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

40.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

41.  This paragraph contains only legal arguments an conclusions for which no response is required.

**B. Material Misrepresentations Re: VH Auditors and Audit Committee**

42.  Admitted.

43.  Admitted.

44.  Admitted.

45.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

46.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the

allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

47. Denied.

48. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel.

49. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel. Mr. Taussig's firm was paid $25,000 per month since early 2020 to oversee the company Board and all operations necessary for the formation of a bank, including audits of financial statements.

50. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same. Any dissemination of offering documents was done under the supervision of Joe Taussig and the advice of counsel. Mr. Taussig's firm was paid $25,000 per month since early 2020 to

oversee the company Board and all operations necessary for the formation of a bank, including audits of financial statements.

51.  This paragraph contains only legal arguments and conclusions for which no response is required.

## II.  DT DIRECTED STHC AND VH TO MAKE LOANS TO COMPANIES IN WHICH DT HAD UNDISCLOSED CONFLICTS OF INTEREST

52.  Denied.

53.  Denied.

54.  Denied.

### A. StHealth Advisors and Taller Were Both Investment Advisers to StHealth Capital

55.  This paragraph contains only legal arguments and conclusions for which no response is required.

56.  Admitted.

57.  Admitted.

58.  Admitted.

59.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

60.  Admitted.

61.  This paragraph contains legal arguments and conclusions for which no response is required; admitted only that Dr. Taller managed StHealth Advisors.

62.  Admitted only that Dr. Taller advised StHealth Capital concerning investments; Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations of this paragraph, and therefore denies same.

63.  This paragraph contains legal arguments and conclusions for which no response is required; to the extent any response is required, the allegations of this paragraph are denied.

64.  This paragraph contains legal arguments and conclusions for which no response is required.

65.  This paragraph contains legal arguments and conclusions for which no response is required.

66.  This paragraph contains legal arguments and conclusions for which no response is required.

67.  This paragraph contains legal arguments and conclusions for which no response is required; denied that any money was misappropriated by Dr. Taller.

**B. Vision Holdings and Taller Were Both Investment Advisers to Vision Holdings**

68.  This paragraph contains legal arguments and conclusions for which no response is required.

69.  Admitted.

70.  Admitted.

71.  Admitted.

72.  Admitted.

73.  Admitted.

74.  Admitted.

75. This paragraph contains legal arguments and conclusions for which no response is required; admitted only that Dr. Taller managed Vision Advisors.

76. Admitted only that Dr. Taller advised Vision Holdings concerning investments; Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations of this paragraph, and therefore denies same.

77.  Admitted.

78. This paragraph contains legal arguments and conclusions for which no response is required.

79. This paragraph contains legal arguments and conclusions for which no response is required.

80. This paragraph contains legal arguments and conclusions for which no response is required.

81. This paragraph contains legal arguments and conclusions for which no response is required; denied that any money was misappropriated by Dr. Taller.

C. **Taller Controlled Both StHealth Capital and Vision Holdings.**

11

82.  Denied.

83.  Admitted that Dr. Taller owned StHealth Advisors, which advised StHealth Capital.

84.  Denied.

85.  Admitted that Dr. Taller owned Vision Advisors.

86.  Denied.

87.  Denied.

88.  Denied.

89.  Denied.

D. **Taller Acquired an Interest in Company A and, Days later, Directed StHealth Capital and Vision Holdings to Loan Money to Company A.**

90.  Admitted.

91.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

92.  Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

93.  Denied that Dr. Taller directed StHealth Capital to enter into the alleged transaction; admitted that Dr. Taller signed the purchase agreement, however the transaction was pursuant to the advice and under the control of the StHealth Capital Board under the supervision of Anthony Calamari.

94.  Denied that Dr. Taller directed Vision Holdings to

enter into the alleged transaction; admitted that Dr. Taller signed the purchase agreement, however the transaction was pursuant to the advice and under the control of the Vision Holdings Board under the supervision of Anthony Calamari.

95. Denied.

96. This paragraph contains legal arguments and conclusions for which no response is required; denied that Dr. Taller controlled StHealth Capital and Vision Holdings.

97. This paragraph contains legal arguments and conclusions for which no response is required.

98. This paragraph contains legal arguments and conclusions for which no response is required.

99. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same; the alleged application was subject to the advice of Paul Hastings which advised it was not required.

### E. Taller Directed Vision Holdings to Make Additional Loans to Company A and Company B, While Engaging in his Own Undisclosed Business with Company A and Company B.

100. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

108. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

109. Denied.

110. Admitted.

111. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

112. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

113. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

114. Denied.

115. Denied.

116. Denied.

117. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

118. Admitted.

119. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same; except it is admitted that the referenced judgment was not able to be collected and discussions with a litigation findance company ensued.

120. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

### III. TALLER MISAPPROPRIATED FUNDS FROM STHEALTH CAPITAL AND VISION HOLDINGS

### A. Taller Misappropriated $200,000 from Vision Holdings

121. Denied that Dr. Taller directed the alleged transfer and that VH had no functioning Board; any such funds transferred were for reimbursement of Vision Holdings related expenses.

122. Denied.

123. Denied that such funds were misappropriated.

**B. Taller Misappropriated Approximately $286,000 from StHealth Capital and Approximately $305,000 from Vision Holdings**

124. Denied.

### Misappropriation from StHealth Capital

125. Admitted.

126. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

127. Denied.

128. Denied that any alleged expense reimbursements were improperly paid.

129. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

130. Dr. Taller is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

131. Denied.

**Misappropriation from Vision Holdings to Reimburse StHealth Capital**

132. Denied that Dr. Taller independently directed any alleged expense reimbursement; denied that any expenses wdere improperly charged as alleged.

133. Denied that Dr. Taller independently directed any expense reimbursement; denied that any expenses were improperly charged as alleged.

134. This paragraph contains legal arguments and conclusions for which no response is required.

135. Admittted; any such tranfer was made pursuant to the advice of in-house counsel as well as outside former IRS auditor retained to review and reconcile expenses.

136. Denied that Dr. Taller independently authorized such alleged payment.

137. Denied that any expenses were improperly charged to StHealth Capital; denied that Dr. Taller indendently authorized and directed such alleged expense reimbursement.

138. Denied that Dr. Taller independently authorized and directed such alleged expense reimbursement transfers; any such transfers were made pursuant to the advice of counsel.

139. Denied; the relevant advisory agreement had been modified regarding any appliicable expense reimbursement process.

140. Denied that the Vision Holdings Board did not review and approve the alleged payment, pursuant to discussion between the Board and the company's former bank regulator and CFO.

141. Denied that Dr. Taller independently authorized and

directed such alleged payment.

142. Denied.

### FIRST CLAIM FOR RELIEF
### Violations of Securities Act 17(a)

143. Dr. Taller re-pleads and incorporates by reference here his responses in paragraphs 1 through 54; 68 through 124; and 132 through 142.

144. Denied.

145. Denied.

### SECOND CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b)and Rule 10b5

146. Dr. Taller re-pleads and incorporates by reference here his responses in paragraphs 1 through 54; 68 through 124; and 132 through 142.

147. Denied.

148. Denied.

### THIRD CLAIM FOR RELIEF
### Violations of Adviser Act Sections 206(1) and (2)

149. Dr. Taller re-pleads and incorporates by reference here his responses in paragraphs 1 through 142.

150. This paragraph contains legal arguments and conclusions for which no response is required.

151. Denied.

152. Denied.

**FOURTH CLAIM FOR RELIEF**
**Violations of Investment Company Act Sections**
**57(a)(4) and Rule 17d-1**

153. Dr. Taller re-pleads and incorporates by reference here his responses in paragraphs 1 through 24; and 52 through 99.

154. Denied.

155. Denied.

**GENERAL DENIAL AS TO RELIEF REQUESTED**

Dr. Taller denies each and every allegation of the Complaint, including without limitation, un-numbered headings, subheadings and all characterizations of any transactions referenced in the Complaint, which allegations, headings, subheadings and characterizations, whether independently or taken together, could give rise to liability pursuant to any of the statutory bases alleged. Dr. Taller denies that the Commission is entitled to any of the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint and each count thereof, fails to state a claim or claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Plead with Particularity)

The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE
### (No Misstatemnents or Omissions)

The Complaint fails to identify the existence of any false or misleading statements or omissions made by Dr. Taller.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint, and causes of action plead under the Securities Exchange Act of 1934 and Investment Company Act of 1940 are barred, in whole or in part, by applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith)

The Complaint, and each cause of action, are barred, in whole or in part, because Dr. Taller acted in good faith at all times.

### SIXTH AFFIRMATIVE DEFENSE
### (No Causation)

The Complaint, and each cause of action, is barred, in whole or in part, because Dr. Taller did not directly or indirectly induce the acts constitutiing the alleged violations and causes of action outlined in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Scienter)

The Complaint, and each cause of action requiring scienter, is barred, in whole or in part, because Dr. Taller did not act with scienter.

### EIGHTH AFFIRMATIVE DEFENSE
### (Uncertainty)

The Commission's allegations are vague, uncertain and unclear as to which party or parties, including Dr. Taller, is responsible for which alleged acts.

### NINTH AFFIRMATIVE DEFENSE
### (No Duty to Disclose)

The Complaint, and each cause of action relating to any alleged breach of any duty to disclose information, are barred because Dr. Taller had no duty to disclose the alleged

information.

## TENTH AFFIRMATIVE DEFENSE
### (No Liability for Statements or Omissions)

Dr. Taller is not liable under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, or otherwise for any statements or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Relief Exceeds Lawful Authority)

The relief sought by the Commission, in whole or in part, exceeds its lawful authority.

## TWELFTH AFFIRMATIVE DEFENSE
### (Civil Penalties Improper)

The Complaint, and each count thereof, fail to allege facts and fail to make a showing sufficient to support the imposition of any civil penalties.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Improper)

The Complaint, and each count thereof, fail to allege facts and fail to make a showing sufficient to support any grant of injunctive relief because the facts as alleged therein do not establish any history relating to Dr. Taller

demonstrating a likelihood of any future vioation of securities laws. Therefore the Commission cannot establish there is a reasonable likelihood that Dr. Taller would violate securities laws in the absence of injunctive relief.

## RESERVATION OF RIGHTS

Because discovery has not yet occurred in this action, Dr. Taller reserves his right to assert other and further defenses as may later become known to counsel in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PRAYER FOR RELIEF

Wherefore, defendant respectfully requests judgment as follows:

1. That Plaintiff takes nothing from its Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Dr. Taller be awarded costs of suit, including but not limited to expenses and attorneys' fees to the extent permitted by law; and

4. That the Court award such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Dr. Taller demands a jury trial on all counts so triable against him.

Dated: January 2, 2026

> */s/ Andrew D. Beresin*
> Andrew D. Beresin, Esq. (AB 0603)
> 210 Oakridge Commons
> PO Box 820
> South Salem, NY 10590
> (914) 533-7054 (phone/fax)
> beresinlaw@optimum.net
>
> */s/ A. Manny Alicandro*
> A. Manny Alicandro (AA 3648)
> Alicandro Law Firm, PLLC
> 75 S. Broadway, 4th Floor
> White Plains, NY 10601
> (646) 509-3842
> (646) 365-3079
> manny@alicandrolaw.com
>
> *Attorneys for Defendant*
> *Derek R. Taller*