*LAW OFFICE OF ANDREW D. BERESIN*
*210 Oakridge Commons – P.O. Box 820*
*South Salem, NY 10590*
*(914) 533-7054*
*beresinlaw@optimum.net*

---

*Of Counsel, the Samuel Law Firm*            *Admitted in New York, SDNY, EDNY, Second Circuit Court of Appeals*

May 13, 2026

**(VIA ECF)**
The Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED in part.  The Court will allow 30 days for counsel to attempt to reestablish contact with Defendant Taller.  By **June 15, 2026**, Defendant's counsel shall file a letter updating the Court on this matter.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: May 14, 2026

            Re:    *SEC v. Derek R. Taller, Case No. 1:25-cv-03537-JHR*

Dear Judge Rearden:

On behalf of defendant Derek R. Taller ("Dr. Taller"), this letter is respectfully submitted pursuant to Your Honor's instructions to the parties during the April 27, 2026, initial conference in this matter, and in response to the letter submitted by the Securities and Exchange Commission ("SEC") on May 6, 2026, regarding discovery and related uncertainty regarding Dr. Taller's participation therein.

While the undersigned has continued to endeavor to contact Dr. Taller since the initial conference, primarily via email, counsel has not yet received a response.  The statements herein in response to the SEC's recent letter are thus only those of counsel, without input from Dr. Taller.

Initially, counsel has no objection to the discovery schedule timing proposed by the SEC, except it is respectfully requested that: (1) prior to entering an initial discovery order, Your Honor allow at least thirty (30) days for counsel to continue efforts to reestablish communications with Dr. Taller in order to properly represent him in this matter, but also to confirm his present status and the scope of his ability to actively participate in the discovery phase of this litigation, which participation will likely be critical to his defense; and (2) for each proposed discovery deadline which the Court may order, that Dr. Taller be permitted, upon successful reestablishment of communications with counsel, reasonable time to to amend, revise and/or supplement any discovery materials which may have been produced or submitted prior to such communications having been reestablished.

The Hon. Jennifer H. Rearden
May 13, 2026


Regarding the SEC's position as to any potential discovery-based default sanction against Dr. Taller, citing the Second Circuit's *Razmilovic* decision, it is respectfully submitted that at present there are important distinctions here, especially in light of the drastic nature of a default sanction. Unlike in *Razmilovic*, where the defendant definitively communicated that he would not appear for his in-person deposition, Dr. Taller has not done so here.  Nor is it currently known whether or not condition(s) may exist that prevent Dr. Taller from appearing in person and which might necessitate his virtual appearance, or even which might prevent Dr. Taller from appearing at all in the near term.  Dr. Taller has also not defied any court order to date, discovery related or otherwise and at no time did he ever communicate any intent to do so when counsel was last in contact with him during August, September, October and November 2025.

It is thus respectfully requested that Your Honor take the above-referenced factors into consideration regarding any initial discovery order the Court may enter.

We thank the Court for its attention to this matter.


                        Respectfully submitted,

                        _____
                        Andrew D. Beresin
                        *Attorney for Defendant Derek R. Taller*


Cc:  Todd Daniel Brody, Esq. (Via ECF)
     Wesley W. Wintermyer, Esq. (Via ECF)
     *Attorneys for Plaintiff Securities and Exchange Commission*

2